UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| NATIONAL CONSUMER LAW CENTER,<br><br>    Plaintiff,<br><br>        v.<br><br>UNITED STATES DEPARTMENT OF EDUCATION,<br><br>    Defendant. | Civil Action No. 1:18-cv-12399 |

## FIRST AMENDED COMPLAINT

1.      Plaintiff National Consumer Law Center brings this action against Defendant the United States Department of Education to compel compliance with the Freedom of Information Act (FOIA), 5 U.S.C. § 552, and alleges as follows:

### JURISDICTION AND VENUE

2.      This Court has jurisdiction over this action pursuant to 5 U.S.C. § 552(a)(4)(B) and 28 U.S.C. § 1331.

3.      Venue is proper in this district pursuant to 5 U.S.C. § 552(a)(4)(B) and 28 U.S.C. § 1391(e).

### PARTIES

4.      Plaintiff National Consumer Law Center (NCLC), a non-profit corporation founded in 1969, assists consumers, advocates, and public policymakers nationwide who use the powerful and complex tools of consumer law to ensure justice and fair treatment for all, particularly those whose poverty renders them powerless to demand accountability. NCLC regularly issues reports, books, and newsletters on consumer issues, including student loan law,

which are distributed to consumers, lawyers, academics, and other interested parties. NCLC also houses the Student Loan Borrower Assistance Project (SLBA), which focuses on providing information about student loan rights and responsibilities for borrowers and advocates. SLBA also seeks to increase public understanding of student lending issues and to identify policy solutions to promote access to education, lessen student debt burdens, and make loan repayment more manageable. NCLC is incorporated in the Commonwealth of Massachusetts with its principal place of business located at 7 Winthrop Square, Boston, Massachusetts 02110-1245.

5. Defendant United States Department of Education (ED) is a federal agency within the meaning of FOIA, *see* 5 U.S.C. § 552(f)(1), and has possession of and control over the records Plaintiff seeks.

## FACTS

**NCLC's FOIA Request**

6. On October 10, 2017, Plaintiff submitted a FOIA request (Request) to ED seeking the release of records associated with ED's arrangements with Maximus Federal Services, Inc., or any other party operating in whole or in part under the name Default Resolution Group.

7. In connection with this Request, NCLC requested that all fees be waived in accordance with 5 U.S.C. § 552(a)(4)(A)(iii) and section 4-6.3 of the USPS Handbook AS-353, because disclosure of the requested information would be in the public interest. Specifically, the Request explained that the requested information would contribute to public understanding of the operations of the government, and in particular, ED's servicing of federal student loans in default.

8. On October 16, 2017, ED acknowledged the Request via electronic mail and assigned the tracking number 18-00149-F.

9. On November 14, 2017, ED transmitted a letter via electronic mail to NCLC relating to its Request. The letter acknowledged that "FOIA requires that an agency make a determination on a FOIA request within 20 working days of receipt of the request," but notified NCLC that ED would be unable to meet this deadline "due to the backlog of requests and the competing demands for the time of staff that are working to respond to [NCLC's] request." The letter further instructed NCLC to "check on the status of [its] request on the Department's FOIA Web page" if NCLC did not receive responsive documents within 30 days from receipt of its letter.

10. As acknowledged in its letter, ED was required to make and communicate to NCLC its determination as to NCLC's Request within 20 working days of receiving the Request. 5 U.S.C. § 552(a)(6)(A)(i). If "unusual circumstances" applied, ED would have had 30 working days to make and communicate this determination. *Id.* § 552(a)(6)(B). ED was then required to make the records "promptly available." *Id.* § 552(a)(3)(A), (a)(6)(C)(i).

11. On November 14, 2017, the same day that ED notified NCLC that it would not meet FOIA's 20-day determination deadline, ED transmitted a separate letter to NCLC via electronic mail denying its fee waiver petition. The letter instructed NCLC to submit any appeal of this denial to ED's Appeals Office within 90 calendar days of the denial.

12. On January 19, 2018, NCLC appealed the fee waiver denial to ED's Appeals Office, as instructed. In its appeal, NCLC elaborated on the grounds that disclosure of the requested information would be in the public interest, thereby meriting a full fee waiver. *See* 5 U.S.C. § 552 (a)(4)(A)(iii); 34 C.F.R. § 5.33 (setting forth ED fee waiver requirements).

13. On February 15, 2018, ED notified NCLC via electronic mail that, because ED had not completed NCLC's Request "within the required 20 business day timeframe," it would

3

not charge NCLC for the processing of its Request and therefore there was "no need [for NCLC] to file an appeal" of the fee waiver denial.

14. On August 24, 2018, NCLC called the FOIA Service Center at the telephone number provided in ED's letter, to inquire about the Request's status. The representative informed NCLC that ED had yet to determine whether ED possessed any of the documents NCLC had requested. The representative was unable or unwilling to provide an estimated date on which ED would complete NCLC's Request. Exh. A (Girón Vives Decl.).

**NCLC's FOIA Complaint**

15. For several months, the status of NCLC's Request, according to ED's FOIA Web page, read "conducting search." On November 16, 2018, the status was "reviewing records." The Web page provided no estimated date by which ED anticipated it would complete its review of the records or fulfill the Request.

16. When NCLC electronically filed its complaint at 12:51 PM EST on November 16, 2018, thirteen months had passed since ED received NCLC's Request and ED had not communicated to NCLC during that time its determination as to NCLC's Request nor provided NCLC with any responsive documents.

17. Because ED failed to comply with the time limit allotted by statute and regulation at the time NCLC filed its original complaint, NCLC is deemed to have exhausted its administrative remedies. 5 U.S.C. § 552(a)(6)(C)(i); 34 C.F.R. § 5.40(c)(1).

**ED'S Final Response**

18. After the original complaint was filed but not yet served, NCLC received a final response to the FOIA Request from ED consisting of 534 pages of purportedly responsive documents while withholding certain portions of the documents under FOIA exemptions 4, and

6. Exh. A (Girón Vives Decl.).

19. As to its withholding under exemption 4, ED stated that the withheld information was proprietary information, which, if disclosed, is likely to cause substantial competitive harm.

20. In response to item 3 of the Request, ED stated that it withheld documents because "Past Performance (evaluations) are Source Selection Sensitive in accordance with FAR 42.l503(4)(d)." There is no FAR 42.1503(4)(d). ED may have meant instead to reference FAR 42.1503(d) which states in part, "The completed evaluation shall not be released to other than Government personnel and the contractor whose performance is being evaluated during the period the information may be used to provide source selection information."

21. ED did not indicate that the requested item 3 information was currently being used to provide source selection information.

22. In addition to evaluations, item 3 of the Request requested documents reflecting any complaints, analysis, and investigation of Maximus and any other party operating in whole or in part under the name Default Resolution Group and its work for ED's Default Resolution Group. To date, ED has not produced any complaints, analysis, or investigations.

23. Although ED has produced several modifications to the contract with Maximus Federal Services, Inc., to date it has not provided the underlying contract which was requested in NCLC's Request.

**FIRST CAUSE OF ACTION**
**(FOIA – Failure to Conduct an Adequate Search for Records)**

24. Pursuant to 5 U.S.C. § 552(a)(6)(C)(i), NCLC has exhausted all administrative remedies with respect to this FOIA request.

25. NCLC has a statutory right under FOIA, 5 U.S.C. § 552(a)(3)(C), to an adequate search for the records it requested and to the release of any non-exempt records identified in that

adequate search. No legal basis exists for ED's failure to search adequately for the records NCLC seeks.

## SECOND CAUSE OF ACTION
### (FOIA – Failure to Disclose Responsive Records)

26. Pursuant to 5 U.S.C. § 552(a)(6)(C)(i), NCLC has exhausted all administrative remedies with respect to this FOIA request.

27. NCLC has a statutory right under FOIA, 5 U.S.C. § 552(a)(3)(A), to the records it requested, and there is no legal basis for ED's failure to disclose the unproduced records in full and the portions of produced records that were withheld under exemption 4 and the Source Selection Sensitive regulation. FOIA also requires agencies to release "[a]ny reasonably segregable portion of a record," 5 U.S.C. § 552(b), and ED has not fulfilled its segregability obligation.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff requests that this Court:

(1) Declare that ED's search was inadequate and its withholding of the requested records is unlawful;

(2) Order ED to undertake an additional search for responsive records;

(3) Order ED to make the requested records available to plaintiff at no cost and without delay;

(4) Award plaintiff its costs and reasonable attorneys' fees pursuant to 5 U.S.C. § 552(a)(4)(E); and

(5) Grant such other and further relief as this Court may deem just and proper.

Dated: January 4, 2019               Respectfully submitted,

/s/ Persis Yu
Persis Yu, BBO No. 685951
Stuart Rossman, BBO No. 430640
Joanna K. Darcus, BBO No. 601146*
National Consumer Law Center
7 Winthrop Square, 4th Floor
Boston, MA 02110-1245
(617) 542-8010
pyu@nclc.org


*\* Application to appear pro hac vice forthcoming.*