**UNITED STATES DISTRICT COURT**
**DISTRICT OF MASSACHUSETTS**

_____
                                                   )
**NATIONAL CONSUMER LAW CENTER,**                  )
                                                   )
       **Plaintiff,**   )        **Civil Action No.**
                                                   )        **18-12399-FDS**
    **v.**                           )
                                                   )
**UNITED STATES DEPARTMENT OF**                    )
**EDUCATION,**                                     )
                                                   )
       **Defendant.**   )
_____)


**MEMORANDUM AND ORDER ON**
**DEFENDANT'S MOTION TO DISMISS**


**SAYLOR, C.J.**

      This action arises out of a FOIA request for the release of government records concerning

information about the relationship of the United States Department of Education ("DOE") with a

company called Maximus Federal Services, Inc., and any other party operating in whole or in

part under the name Default Resolution Group.  Pursuant to the Freedom of Information Act

("FOIA"), 5 U.S.C. § 552, plaintiff National Consumer Law Center ("NCLC") has requested

numerous documents concerning the DOE's relationship with Default Resolution Group and its

arrangements with Maximus.  Although the department has produced a number of records, it has

withheld certain documents as exempt from disclosure under FOIA and failed to produce

responses to some of NCLC's requests.  NCLC contends that the DOE search was inadequate

and its withholding of requested records unlawful, and seeks an order compelling DOE to

undertake an additional search for responsive records and to make the requested records

available.

DOE has moved to dismiss the complaint under Fed. R. Civ. P. 12(b)(1) for lack of subject-matter jurisdiction, because NCLC did not exhaust its administrative remedies before filing suit.  For the reasons set forth below, the motion to dismiss will be denied.

## I.     <u>Factual and Procedural Background</u>

The National Consumer Law Center is a non-profit corporation that focuses on consumer law, including student-loan issues.  (Am. Compl. ¶ 4).  The United States Department of Education is a federal agency.  (*Id.* ¶ 5).

On October 10, 2017, NCLC submitted a FOIA request to DOE seeking the release of records associated with DOE's arrangements with Maximus Federal Services, Inc., or any other party operating in whole or in part under the name Default Resolution Group.  (*Id.* ¶ 6).  NCLC also requested a fee waiver pursuant to 5 U.S.C. § 552(a)(4)(A)(iii) because disclosure of the requested information would be in the public interest.  (*Id.* ¶ 7).

On October 16, 2017, DOE acknowledged the FOIA request by e-mail and assigned the request a tracking number.  (*Id.* ¶ 8).  On November 14, 2017, DOE sent a letter to NCLC by e-mail that stated, "[D]ue to the backlog of requests and the competing demands for the time of staff that are working to respond to [NCLC's] request, we will be unable to respond within 20 working days of having received the request."  (*Id.* ¶ 9).  The letter also advised NCLC to check its status on the DOE FOIA webpage.  (*Id.*).  The webpage reflected the status "conducting search."  (*Id.* ¶ 15).

On November 14, 2017, DOE sent a separate letter to NCLC by e-mail denying its fee-waiver petition and instructing NCLC to submit any appeal to the DOE appeals office within 90 calendar days.  (*Id.* ¶ 11).  On January 19, 2018, NCLC timely appealed the fee-waiver denial.  (*Id.* ¶ 12).  On February 15, 2018, DOE notified NCLC that, because it had not completed the

FOIA request "within the required 20 business day timeframe," it would not charge NCLC for the processing of its request, and there was therefore "no need to file an appeal" of the fee-waiver denial.  (*Id.* ¶ 13).[1]

On August 24, 2018, NCLC and a DOE representative at the FOIA service center communicated by telephone.  (*Id.* ¶ 14).  The DOE representative stated that the agency had yet to determine whether it possessed the documents requested, and did not provide an estimated date by which it would complete the request.  (*Id.*).

On November 8, 2018—more than a year after NCLC filed its FOIA request—DOE mailed its FOIA response to NCLC, including a CD containing 534 pages of what it contends were responsive documents.  (*Id.* ¶ 18; Def. Reply Ex. 1, Siegelbaum Decl., at ¶ 6).  However, NCLC did not receive the response until November 20, 2018.  (Am. Compl. Ex. 1, Vives Decl., at ¶ 19).

On November 16, 2018, NCLC filed suit in this court.  As of that day, NCLC had neither received any documents responsive to its FOIA request nor received any update from DOE regarding the status of its request, and the status on the DOE webpage was "reviewing records." (Am. Compl. ¶¶ 15-16; Compl. ¶ 13).  The original complaint asserts one cause of action— violation of FOIA for failure to respond to NCLC's request, pursuant to 5 U.S.C. § 552.  (Compl. ¶¶ 17-19).  The complaint alleges that NCLC had constructively exhausted its administrative remedies due to DOE's failure to respond within the statutory time limit, pursuant to 5 U.S.C. §

---

[1] NCLC contends that these facts are relevant because they demonstrate its willingness to participate in the administrative review and appeal process in connection with this FOIA request, and that DOE's excessive delay in producing records prevented NCLC from using the same administrative appeal approach to contest the agency's withholding of records.  (Pl. Opp. 12-13).

552(a)(6)(C)(i) and 34 C.F.R. § 5.4(c)(1).  (*Id.* ¶ 18).

On November 20, 2018, NCLC received DOE's final response to its October 10, 2017 request.  (Am. Compl. ¶ 18).  The response letter advised NCLC of its right to appeal the decision within 90 calendar days, either by submitting an online form or by mail.  (Am. Compl. Ex. 1 Attachment 6, Nov. 8, 2018 Letter from U.S. Dep't of Educ. FOIA Serv. Ctr. to Nat'l Consumer Law Ctr.).

On January 4, 2019, NCLC filed an amended complaint acknowledging its receipt of the documents and raising its legal objections to the alleged inadequacy of DOE's response.[2]  The amended complaint asserts two causes of action:  (1) failure to conduct an adequate search for records pursuant to 5 U.S.C. § 552(a)(3)(C), and (2) failure to disclose responsive records pursuant to 5 U.S.C. § 552(a)(3)(A), based on DOE's withholding of documents under exemption 4 and the Source Selection Sensitive regulation and its failure to release reasonably segregable portions of the record.  (Am. Compl. ¶¶ 24-27).

On February 6, 2019, NCLC moved to stay the administrative-appeal deadline until seven days after DOE answered or otherwise responded to the amended complaint.  (Mot. for Stay of Admin. Appeal Deadline).  The motion stated that no appearance of counsel or answer had been filed by DOE, possibly due to a lapse in appropriation funding.  (*Id.* at 2).  It further stated that should DOE raise failure to exhaust as an affirmative defense in its answer, absent a stay, the appeal deadline would have passed by the time the court adjudicated that defense on its merits,

---

[2] NCLC has alleged that the responsive documents are deficient in several ways.  DOE withheld certain portions of the documents under FOIA exemptions 4 and 6.  (Am. Compl. ¶ 18).  In response to Item 3 of NCLC's request, DOE stated that it withheld documents that contained sensitive "source selection" information pursuant to FAR 42.1503.  (*Id.* ¶¶ 20-21).  In addition, DOE did not produce any documents concerning "complaints, analysis, and investigation" of Maximus and Default Resolution Group, as requested in Item 3, and did not produce its underlying contract with Maximus, as requested in Item 2(a).  (*Id.* ¶¶ 22-23).  NCLC challenges DOE's stated reasons for withholding some documents and failure to produce other documents.

potentially prejudicing NCLC.  (*Id.* at 1).  On March 5, 2019, the court granted that motion.

On April 16, 2019, DOE filed an answer to the amended complaint.  The answer asserts three affirmative defenses:  (1) that DOE "denies all allegations contained in the complaint that are not specifically admitted and denies that plaintiff is entitled to the relief requested;" (2) that "[t]he complaint fails to state a claim upon which relief can be granted;" and (3) that "[t]he court lacks jurisdiction over plaintiff's allegations."  (Answer at 5).  The answer does not assert failure to exhaust administrative remedies as a separate affirmative defense.  (*Id.*).

It is undisputed that to date, NCLC has not filed an administrative appeal concerning the underlying FOIA request.

On September 30, 2019, DOE moved to dismiss the complaint under Fed. R. Civ. P. 12(b)(1) for lack of subject-matter jurisdiction due to NCLC's alleged failure to exhaust its administrative remedies before filing suit.  NCLC opposes the motion on four grounds:  first, that exhaustion of administrative remedies is not a jurisdictional requirement; second, that NCLC constructively exhausted its remedies before filing suit; third, that DOE has waived its affirmative defense of failure to exhaust; and fourth, that administrative exhaustion is not required because it would be futile.

## II.    Legal Standard

On a motion to dismiss for lack of subject-matter jurisdiction made pursuant to Fed. R. Civ. P. 12(b)(1), "the party invoking the jurisdiction of a federal court carries the burden of proving its existence." *Murphy v. United States*, 45 F.3d 520, 522 (1st Cir. 1995) (quoting *Taber Partners, I v. Merit Builders, Inc.*, 987 F.2d 57, 60 (1st Cir. 1993)).  When ruling on a 12(b)(1) motion, "the district court must construe the complaint liberally, treating all well-pleaded facts as true and indulging all reasonable inferences in favor of the plaintiff." *Aversa v. United States*, 99

F.3d 1200, 1210 (1st Cir. 1996).

## III.   <u>Analysis</u>

### A.   <u>Whether NCLC Has Constructively Exhausted Its Administrative Remedies</u>

Under FOIA, a requester must exhaust available administrative remedies before seeking

judicial review to compel the production of government agency documents.  *Oglesby v. U.S.*

*Dep't of Army*, 920 F.2d 57, 61 (D.C. Cir. 1990) (citing *McKart v. United States*, 395 U.S. 185,

194 (1969)) ("Exhaustion of administrative remedies is generally required [under FOIA] before

filing suit in federal court . . ."); *Wilbur v. C.I.A.*, 355 F.3d 675, 677 (D.C. Cir. 2004) (same);

*Hidalgo v. F.B.I.*, 344 F.3d 1256, 1258 (D.C. Cir. 2003) (same); *Pollack v. Department of*

*Justice*, 49 F.3d 115, 118 (4th Cir. 1995) ("[A] requester may generally seek judicial review of

his FOIA request only after he has exhausted all administrative remedies. . ."); *Taylor v.*

*Appleton*, 30 F.3d 1365, 1367 (11th Cir. 1994) ("The FOIA clearly requires a party to exhaust all

administrative remedies before seeking redress in the federal courts.").  The exhaustion

requirement permits the agency the "opportunity to exercise its discretion and expertise on the

matter and to make a factual record to support its decision."  *Oglesby*, 920 F.2d at 61.  It also

"allows the top managers of an agency to correct mistakes made at lower levels and thereby

obviates unnecessary judicial review."  *Id.*

FOIA contemplates "two different types of exhaustion, actual and constructive."  *Taylor*

*v. Appleton*, 30 F.3d 1365, 1368 (11th Cir. 1994).  Actual exhaustion occurs "when the agency

denies all or part of a party's document request," *id.*, or when the party "has unsuccessfully

appealed to the head of the agency as to any denial," *Oglesby*, 920 F.2d at 61.  Constructive

exhaustion occurs "if the agency fails to comply with the applicable time limit provisions" of 5

U.S.C. § 552(a)(6).  *Taylor*, 30 F.3d at 1368.  Section 552(a)(6)(A)(i) requires that upon

receiving a FOIA request, a federal agency must "determine within 20 days (excepting
Saturdays, Sundays, and legal public holidays) after the receipt of any such request whether to
comply with such request and shall immediately notify the person making such request of such
determination and the reasons therefore" and the right to appeal an adverse determination. 5
U.S.C. 552(a)(6)(A)(i). Section 552(a)(6)(A)(ii) requires that upon receiving an appeal, a federal
agency must "make a determination with respect to any appeal within twenty days (excepting
Saturdays, Sundays, and legal public holidays) after the receipt of such appeal." 5 U.S.C. §
552(a)(6)(A)(ii). "If the agency has not responded within these statutory time limits," the
doctrine of constructive exhaustion applies and "the requester may bring suit." *Taylor*, 30 F.3d
at 1368; *see also Pollack v. Department of Justice*, 49 F.3d 115, 119 (4th Cir. 1995) ("[A]
requester who has not received a timely notice of the agency's decision, as required by 5 U.S.C.
§ 552(a)(6)(A)(i), may proceed immediately in court to enforce a FOIA request without
exhausting any administrative remedies."); *Citizens for Responsibility and Ethics in Washington
v. Federal Election Comm'n*, 711 F.3d 180, 185 (D.C. Cir. 2013) ("If the agency does not make a
'determination' within the relevant statutory time period, the requester may file suit without
exhausting administrative appeal remedies.").

Here, plaintiff contends that it constructively exhausted its administrative remedies
before seeking judicial review, because defendant did not respond within 20 days (or even 365
days) of receiving the FOIA request on October 16, 2017. When plaintiff filed suit on November
16, 2018, it had not received responsive documents or any communication from defendant that it
was sending responsive documents.

Although the doctrine of constructive exhaustion permits a requester to file suit as soon
as the statutory time limit for agency responses has passed (that is, 20 business days, pursuant to

5 U.S.C. § 552(a)(6)(A)), "this option lasts only up to the point that an agency actually responds." *Oglesby v. U.S. Dep't of Army*, 920 F.2d 57, 61 (D.C. Cir. 1990).  The D.C. Circuit, in *Oglesby*, set forth the following rule when the federal agency has actually responded to a FOIA request after the statutory time limit has elapsed:

> Once the agency has responded to the request, the petitioner may no longer exercise his option to go to court immediately.  Rather, the requester can seek judicial review only after he has unsuccessfully appealed to the head of the agency as to any denial and thereby exhausted his administrative remedies.  Thus, if the agency responds to a FOIA request before the requester files suit, the ten-day constructive exhaustion provision in 5 U.S.C. § 552(a)(6)(C) no longer applies; actual exhaustion of administrative remedies is required.

*Id.*[3]  In essence, "*Oglesby* held that after the agency properly responds to a request belatedly but before a lawsuit is filed, the party must actually exhaust administrative remedies before going to court."  *Taylor*, 30 F.3d at 1369.

The question, then, is whether defendant "responded" to plaintiff's FOIA request before the filing of this suit on November 16, 2018.  Defendant contends that because it *mailed* its response on November 8, as of that date it had "responded" to the FOIA request, and plaintiff could thereafter seek judicial review only after actually exhausting its administrative remedies by appealing the determination.  It relies on *Yunes*, a case in which a district court dismissed a suit for failure to exhaust administrative remedies when the plaintiff filed suit *after* the Department of Justice mailed its FOIA response, but *before* he received it.  *Yunes v. U.S. Dep't of Justice*, 77 F. Supp. 3d 52, 56 (D.D.C. 2015), *reconsidered and vacated on other grounds*, 2015 WL 2355257 (D.D.C. Apr. 16, 2015).  There, the court held that the date of the responsive mailing, rather than the date of receipt, triggers the actual exhaustion requirement set forth in *Oglesby* and 5 U.S.C.

---

[3] Section 552(a)(6)(A)(i), which sets forth the relevant time period for the agency to respond to a FOIA request, was amended in 1996 to replace "ten days" with "20 days."  Pub. L. 104-231, § 8 (1996).

§§ 552(a)(6)(A) and (C), because the requirement that the agency "make a determination within twenty days . . . [places] no stricture on when that determination must be received by the requester."  *Id.*

Plaintiff counters that because it had not *received* the response before filing its lawsuit on November 16, 2018 and far more than 20 days had elapsed from the date of the FOIA request, it constructively exhausted its administrative remedies.  It relies on *Pinson* and *Jones*, cases denying summary judgment for failure to exhaust administrative remedies, where defendants provided evidence that they responded to FOIA requests but there nonetheless existed a genuine issue of material fact as to whether requesters ever *received* those responses before filing suit. *Pinson v. U.S. Dep't of Justice*, 177 F. Supp. 3d 56, 78 (D.D.C. 2016); *Jones v. U.S. Dep't of Justice*, 576 F. Supp. 2d 64, 67 (D.D.C. 2008).  It also relies on the logic of *CREW*, in which the D.C. Circuit held that an agency must indicate "the scope of the documents it will produce and the exemptions it will claim" within the statutory timeline in order to trigger FOIA's actual exhaustion requirement.  *Citizens for Responsibility and Ethics in Washington (CREW) v. Federal Election Comm'n*, 711 F.3d 180, 182-83 (D.C. Cir. 2013).  The court found that plaintiff was not procedurally barred from filing suit on a date when it had not yet received any documents or descriptions of what would be produced, although the agency had acknowledged the FOIA request and agreed to provide responsive documents.  *Id.* at 183.  It reasoned that a response "merely tell[ing] the requester that the agency will produce . . . documents and claim exemptions in the future" was insufficient to trigger the administrative-exhaustion requirement, because such a perfunctory response would not afford the requester a meaningful chance to contest adverse decisions, FOIA exemptions, or withheld documents on administrative appeal. *Id.* at 182, 186-88.

Plaintiff here contends that, just as the mere act of stating the agency *will* produce documents was found insufficient to trigger the administrative-exhaustion requirement in *CREW*, defendant's mere act of mailing a FOIA response, without any description of its contents, was insufficient to trigger the administrative-exhaustion requirement, for similar reasons:  a requester must have an opportunity to make a meaningful challenge to the contents of a FOIA response if they are insufficient, which it may only do upon receipt.

Whether the requirement to administratively appeal and exhaust a belated FOIA response attaches upon the sending or receipt of that response appears to be a matter of first impression. No circuit court appears to have ruled on the matter, and the district court cases cited by the parties are not directly responsive.  *Yunes*, which has a similar fact pattern, was vacated upon reconsideration, and *Pinson* and *Jones* dealt with situations in which the requester arguably never received the FOIA response at all, and therefore had no chance to administratively appeal the response, even belatedly.  *Yunes v. U.S. Dep't of Justice,* 2015 WL 2355257 (D.D.C. Apr. 16, 2015) (vacating previous grant of summary judgment to defendant based on plaintiff's failure to exhaust, because defendant prevented plaintiff from being able to administratively exhaust its remedies by closing plaintiff's appeal); *Pinson v. U.S. Dep't of Justice*, 177 F. Supp. 3d 56, 78 (D.D.C. 2016); *Jones v. U.S. Dep't of Justice*, 576 F. Supp. 2d 64, 67 (D.D.C. 2008).  And *CREW* does not contemplate a fact pattern in which the allegedly defective FOIA response was mailed, but not received, on the date of the filing of the complaint.  *Citizens for Responsibility and Ethics in Washington (CREW) v. Federal Election Comm'n*, 711 F.3d 180, 183 (D.C. Cir. 2013).[4]

Fortunately, it is not strictly necessary to decide this issue.  If, as plaintiff contends, the

---

[4] In *CREW*, the agency sent out its FOIA response after plaintiff had already filed suit.  *Id.*

*receipt* of the allegedly defective FOIA response triggers the requirement that it administratively appeal before filing suit, then it had constructively exhausted its administrative remedies on November 16, 2018, because more than 20 days had elapsed since its request and it had not yet received the responsive FOIA documents.  Not only had plaintiff not received the documents by November 16, but defendant apparently did not communicate that it had sent the documents, and its webpage described the status of the FOIA request as "reviewing records."  (Am. Compl. ¶¶ 15-16).  Under that interpretation, the court would deny defendant's motion to dismiss.

If, as defendant contends, the *mailing* of the allegedly defective FOIA response triggers the requirement that plaintiff administratively appeal before filing suit, then NCLC did not exhaust its administrative remedies.  However, that does not automatically mean that the court must dismiss the complaint, because plaintiff contends that DOE has waived its affirmative defense of failure to exhaust and may not now assert it.

### B.    Whether DOE Has Waived Its Affirmative Defense of Failure to Exhaust

While FOIA provides for an administrative appeal process prior to filing suit, the administrative-exhaustion requirement is not jurisdictional.  *Bayala v. U.S. Dep't of Homeland Sec., Office of Gen. Counsel*, 827 F.3d 31, 35 (D.C. Cir. 2016).  "[T]he exhaustion requirement is not jurisdictional because the FOIA does not unequivocally make it so."  *Hidalgo v. F.B.I.*, 344 F.3d 1256, 1258 (D.C. Cir. 2003).  Because it is not a jurisdictional requirement, the "failure to exhaust administrative remedies does not *per se* deprive the court of subject matter jurisdiction."  *McDonnell v. United States*, 4 F.3d 1227, 1240 n.9 (3d Cir. 1993) (citing *Darby v. Cisneros*, 509 U.S. 137, 144 (1993)).[5]

---

[5] Because failure to exhaust does not automatically divest a district court of subject-matter jurisdiction over a FOIA lawsuit, some courts have held that a Rule 12(b)(6) motion to dismiss or a Rule 56 summary judgment motion, rather than a Rule 12(b)(1) motion, is the appropriate vehicle to assert this defense.  *See, e.g., Hidalgo v. F.B.I.*, 344 F.3d 1256, 1260 (D.C. Cir. 2003) (vacating district court's grant of summary judgment in FOIA case and

Because the administrative-exhaustion requirement is not jurisdictional, it may be waived. *See McDonnell*, 4 F.3d at 1240 n.9 ("[Exhaustion] is a prudential consideration that the court takes into account in determining whether to exercise subject matter jurisdiction."); *Oglesby v. U.S. Dep't of Army*, 920 F.2d 57, 61 (D.C. Cir. 1990) ("[F]ailure to exhaust is by no means an automatic bar to judicial review. . .").  And courts have treated failure to exhaust as an affirmative defense that must be pleaded in the defendant's answer pursuant to Fed. R. Civ. P. 8(c).  A defendant waives that affirmative defense if it is not raised.  *See Pinson v. U.S. Dep't of Justice*, 79 F. Supp. 3d 250, 253 n.2 (D.D.C. 2015) ("Failure to exhaust is treated as an affirmative defense that a defendant waives when he does not raise it."); *Ramstack v. Dep't of Army*, 607 F. Supp. 2d 94, 104 (D.D.C. 2009) ("Because the failure to exhaust administrative remedies is considered an affirmative defense, 'the defendant[s] bear[] the burden of pleading and proving it.'") (quoting *Bowden v. United States*, 106 F.3d 433, 437 (D.C. Cir. 1997)); *Moon v. Federal Bureau of Prisons*, 642 F. App'x 651, 652 (8th Cir. 2016) ("[B]ecause FOIA is silent as to whether exhaustion is a pleading requirement or an affirmative defense . . . the argument of non-exhaustion is an affirmative defense rather than a pleading requirement."); *Marshall v. BATFE*, 2011 U.S. Dist. LEXIS 29345, at *3 (S.D. Fla. Jan. 31, 2011) ("[E]xhaustion is an affirmative defense of the *government*, not a pleading requirement of the plaintiff."); *Carter v. United States*, 2017 WL 1044771, at *4 (S.D. Ohio Mar. 20, 2017) ("[T]his Court views non-exhaustion as an affirmative defense for which the government bears the pleading and proof

---

remanding with instructions to dismiss under Rule 12(b)(6) for failure to exhaust administrative remedies); *Rosenberg v. U.S. Dep't of Immigration and Customs Enf't*, 956 F. Supp. 2d 32, 36 (D.D.C. 2013) (finding that the "administrative exhaustion requirement under the Freedom of Information Act is not jurisdictional, therefore Rule 12(b)(1) is inapplicable" and treating defendant's motion to dismiss as a Rule 56 motion for summary judgment because "matters outside the pleadings are presented to and not excluded by the court"); *Jones v. U.S. Dep't of Justice*, 576 F. Supp. 2d 64, 66 (D.D.C. 2008) ("When a FOIA defendant disputes that a FOIA plaintiff has fulfilled the exhaustion requirement, the matter is properly the subject of a motion brought under Rule 12(b)(6) for failure to state a claim upon which relief [can] be granted.").

burdens.").  The characterization of non-exhaustion as an affirmative defense in the FOIA

context derives from the Supreme Court's holding in *Jones v. Bock*, a case analyzing the

exhaustion requirement of the Prison Litigation Reform Act and finding that "the fact that [the

statute] dealt extensively with exhaustion, but is silent on the issue [of] whether exhaustion must

be pleaded or is an affirmative defense . . . is strong evidence that the usual practice should be

followed, and the practice under the Federal Rules is to regard exhaustion as an affirmative

defense."  549 U.S. 199, 212 (2007).

Here, defendant failed to assert the affirmative defense of failure to exhaust

administrative remedies in its answer.[6]  Defendant nonetheless contends that its assertion of the

defenses of (1) lack of jurisdiction and (2) failure to state a claim upon which relief can be

granted in its answer were sufficient.  But such a bare-bones recitation of standard defenses

under Fed. R. Civ. P. 12(b)(1) and 12(b)(6) in the answer was not sufficient to put plaintiff on

notice of defendant's affirmative defense of non-exhaustion.[7]  Indeed, on February 6, 2019,

plaintiff specifically requested a stay of the administrative-appeal deadline in case defendant

raised a non-exhaustion defense in its answer.  However, defendant did not timely assert the

defense in its answer, and plaintiff, as a result, did not file an administrative appeal and has run

out of time to do so.

In short, defendant did not assert failure to exhaust administrative remedies as an

---

[6] Plaintiff notes that defendant's choice to file an answer rather than a motion to dismiss under Rule 12(b)(6) or 12(b)(1) indicated that it "appear[ed] to choose to proceed on the merits."  (Pl. Opp. 13).

[7] By way of analogy, the statute of limitations is an affirmative defense that may merit dismissal, but it is waived if not specifically raised in a responsive pleading pursuant to Fed. R. Civ. P. 8(c); merely citing to Fed. R. Civ. P. 12(b)(6) in the answer is not sufficient.  *See Lopez-Gonzalez v. Municipality of Comerio*, 404 F.3d 548 (1st Cir. 2005) (affirming Rule 12(b)(6) dismissal on statute of limitations grounds); *Coons v. Industrial Knife Co.*, 620 F.3d 38, 41 (1st Cir. 2010) (raising statute of limitations defense in answer was sufficient to preserve the issue for trial); *Serrano v. Torres*, 764 F.2d 47, 49 (1st Cir. 1985) (statute of limitations defense must be affirmatively raised in answer or motion to dismiss filed in lieu of an answer).

affirmative defense.  It therefore has waived the defense, and the complaint will not be dismissed for failure to exhaust.

**IV.**     <u>**Conclusion**</u>

For the foregoing reasons, defendants' motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(1) for lack of subject-matter jurisdiction is denied.

**So Ordered.**


<u>/s/ F. Dennis Saylor IV</u>
F. Dennis Saylor, IV
Dated:  September 24, 2020                                 Chief Judge, United States District Court